# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UJU ONUACHI,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>MASTER BUILDERS INC., HARRY S. PETERSON COMPANY, WESTERN WATERPROOFING CO., INC., a Subsidiary of the Western Group; THE WESTERN GROUP, THE ALLIANCE GROUP INC., MEYLAN ENTERPRISES INC., ALEGENT HEALTH IMMANUEL MEDICAL CENTER, MD BODO W. TREU, MD DAVID A. STERNS, HEART CONSULTANTS, PC, MD REBECCA S. RUNDLETT, NEBRASKA HEART INSTITUTE, DENNIS R. RIEKENBERG, CASSEM, ADAMS, GOTCH & DOUGLAS LAW FIRM, JOHN R. TIMMERMIER, TIMMERMIER, GROSS, & PRENTISS LAW FIRM, JOHN K. GREEN, PICKENS, GREEN, & CLEASON L.L.P., STEPHEN L. AHL, KRISTA M. CARLSON, WOLFE, SNOWDEN, HURD & AHL, L.L.P., JACQUELINE M. DELUCA, MARK C. LAUGHLIN, FRASER, STRYKER LAW FIRM, DAVID L. WELCH, PANSING, HOGAN LAW FIRM, DEAN F. SUING, GOVIER, KATSKEE LAW FIRM, ABIGAIL M. MOLAND, NICOLE K. GRIFFARD, and MCGRATH, NORTH LAW FIRM,<br><br>　　　　　　　Defendants. | 4:18CV3147<br><br>MEMORANDUM AND ORDER |

　　　This matter is before the Court on the Motion for Attorney Fees, ECF No. 114, filed by Defendants Alegent Health Immanuel Medical Center, Nebraska Heart Institute, Rebecca Rundlett, and Bodo Treu; and the Motion for Attorney Fees, ECF No. 116, filed

by Defendants Jacqueline Deluca, Mark Laughlin, and The Alliance Group Inc. For the reasons stated below, the Motions will be granted, in part.

## BACKGROUND

The Court incorporates the discussion in its prior Memorandum and Order, ECF No. 112, by reference, and provides the following summary:

On December 31, 2018, the Court summarily dismissed this action with prejudice because it is based on the same facts as Onuachi's prior action, *Onuachi v. Master Builders, Inc.*, 4:17CV3114, 2018 WL 922135 (D. Neb. Feb. 15, 2018), which was also dismissed with prejudice and affirmed by the Eighth Circuit Court of Appeals. Mem. and Order, ECF No. 112. When the Court dismissed that prior action, it noted that Onuachi's "work-injury claims [ ] have been dismissed three times by this Court" and cautioned him that further filings would result in an injunction and an award of attorney fees. Accordingly, the December 31, 2018, Memorandum and Order, enjoined Onuachi from filing further lawsuits based on the same facts and provided that the Defendants may submit motions for attorney fees on or before January 15, 2019. *Id.* On January 25, 2019, Onuachi filed a Notice of Appeal, ECF No. 119.

## DISCUSSION

As an initial matter, Onuachi's Notice of Appeal does not prevent this Court from ruling on the pending motions for attorney fees. *Obin v. Dist. No. 9 of the Int'l. Assoc. of Machinists and Aerospace Workers*, 651 F.2d 574, 583 (8th Cir. 1980).

This Court has previously held that attorney fees may be awarded against a pro se litigant under 28 U.S.C. § 1927, *Wallace v. Kelley*, No. 4:06CV3214, 2007 WL 2248105, at *3 (D. Neb. Aug. 1, 2007), and it is established that federal district courts may

also award attorney fees against a party under its inherent power when that party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons[,]" *United States v. Gonzalez-Lopez*, 403 F.3d 558, 564 (8th Cir. 2005) (quoting *Kelly v. Golden*, 352 F.3d 344, 352 (8th Cir. 2003)).

Onuachi has repeatedly attempted to sue the same defendants based on the same facts in this Court and other courts. *Onuachi*, 2018 WL 922135, at *4; *see also* Mem. and Order, ECF No. 112. Before he brought this action, the Court cautioned him that if he continued to bring lawsuits based on the same facts, attorney fees would be assessed against him. *Id.* Onuachi disregarded that warning, and, by bringing this action, he has acted in bad faith, vexatiously, and wantonly. The moving parties are, therefore, entitled to a reasonable amount of attorney fees incurred in connection with this case.

To calculate a reasonable attorney's fee, "courts typically begin by using the lodestar method[,]" which "multiplies the number of hours reasonably expended by the reasonable hourly rates." *Brewington v. Keener*, 902 F.3d 796, 805 (8th Cir. 2018) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Id.* "There is no precise rule or formula for making these determinations." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). A district court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for . . . limited success." *Id.* Recently, the Court explained that it "has generally approved rates between $225-325/hour for partners with less than 25 years of experience and rates of $175-200 for work done by associates." *Petrone v. Werner Ents., Inc.*, 8:11CV401, 8:12CV307, 2018 WL 816250, at *6 (D. Neb. Feb. 9, 2018); *see also*

*J&J Sports Prods., Inc. v. Palomares*, 8:18CV185, 2018 WL 6250607, at *1 (D. Neb. Nov. 29, 2018).

The Motion at ECF No. 114 requests $7,357.85 for 27.3 hours of work done by a partner with 30 years of experience at $200/hour and 8.1 hours of work done by an associate with an unknown amount of experience at $170/hour.[1] This Motion included an attached affidavit which detailed and itemized the amount of time spent on particular tasks by each billing attorney.

The Motion at ECF No. 116 requests $11,501.00 for 1.8 hours of work done by a partner with an unknown amount of experience at $345/hour; 50.1 hours of work done by "Various [ ] Associate Attorneys" with unknown amounts of experience at $215/hour; and 0.8 hours of work done by a paralegal at $155/hour. This Motion stated the total number of hours spent on this case and the rates charged but did not itemize or otherwise detail the amount of time spent on any particular task, which makes it difficult for the Court to evaluate the reasonableness of the requested fees.

The Court summarily dismissed this action because it was clear from the face of Onuachi's Complaint, ECF No. 1, and his Amended Complaint, ECF No. 8, that his claims were frivolous and based on the same facts as his previous lawsuits. Further, the Court had already indicated, in Onuachi's previous action, that it would not entertain the merits of such an action. *Onuachi*, 2018 WL 922135, at *4 (stating "any further filings in the

---

[1] The Motion also seeks to recover $520.85 for photocopy expenses ($478), Westlaw expenses ($26.80), messenger expenses ($15.00), and long-distance phone call expenses ($1.05). *See* ECF No. 114, Page ID 1250-62. According to the movants' brief, these are "non-related taxable expenses," which they have not demonstrated they are entitled to recover. Def.'s Br., ECF No. 114, Page ID 1248; *see* NECivR 54.1, 54.3.

Court touching on the subject matter of this action likely will result in the imposition of a permanent injunction against further filings and an award of attorney's fees"). Thus, while the Court recognizes the vexatious nature of this action, achieving its dismissal required little analysis, research, briefing, or review of documents and evidence. Further, the reason for the disparity in the amounts requested by the parties is not apparent and difficult to reconcile.

The Court finds that 15 hours at a rate of $175/hour is reasonable, with respect to each pending motion, and will award the moving parties their attorney fees accordingly.

IT IS ORDERED:

1. The Motion for Attorney Fees, ECF No. 114, filed by Defendants Alegent Health Immanuel Medical Center, Nebraska Heart Institute, Rebecca Rundlett, and Bodo Treu, is granted, in part, as follows:

    Attorney fees in the amount of $2,625.00 are assessed against Plaintiff Uju Onuachi, payable to Defendants Alegent Health Immanuel Medical Center, Nebraska Heart Institute, Rebecca Rundlett, and Bodo Treu, jointly and severally;

2. The Motion for Attorney Fees, ECF No. 116, filed by Defendants Jacqueline Deluca, Mark Laughlin, and The Alliance Group Inc., is granted, in part, as follows:

    Attorney fees in the amount of $2,625.00 are assessed against Plaintiff Uju Onuachi, payable to Defendants Jacqueline Deluca, Mark Laughlin, and The Alliance Group Inc., jointly and severally.

Dated this 11th day of February 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge